O
JS-6

# United States District Court
# Central District of California

IN RE COMMERCIAL SERVICES BUILDING, INC.,

Debtor.

DOUGLAS PATRICK,

Appellant,

v.

KARL T. ANDERSON, Trustee,

Appellee.

Case No. 8:16-cv-01260-ODW

Bankruptcy Case No. 8:09-bk-20845-ES
Adversary Case No. 8:12-ap-01049-ES

**OPINION**

## I. INTRODUCTION

Appellant Douglas Patrick appeals from a judgment entered in an adversary proceeding before the bankruptcy court in favor Appellee Karl Anderson, Trustee ("Trustee") in the total amount of $5,395,911.66. Patrick argues that the bankruptcy court erred in entering three orders: (1) an order partially granting Trustee's amended

motion for summary judgment; (2) an order granting Trustee's motion to exclude Patrick's expert witness from testifying at trial; and (3) an order denying Patrick's request to continue the trial. As discussed below, the Court finds no error in the bankruptcy court's analysis and **AFFIRMS** the judgment below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Commercial Services Building, Inc. ("Debtor") was a general building contractor and construction management firm based in Brea, California. (Appellant's Opening Br. ("AOB") at 2, ECF No. 12.) Patrick was Debtor's corporate vice president and majority shareholder. (*Id.* at 2, 25; Appellee's Br. at 2, ECF No. 13.)

On October 7, 2009, a bankruptcy case was initiated for Debtor with the filing of an involuntary petition under Chapter 7 of the Bankruptcy Code. (Appellant's App., Volume 1 ("AA1") at 169, ECF No. 12-1.) On February 19, 2010, the bankruptcy court entered the Order for Relief against Debtor.[1] (*Id.*) Trustee is the permanent Chapter 7 trustee of Debtor's bankruptcy estate. (*Id.*)

On February 16, 2012, Trustee initiated an adversary proceeding against Patrick, seeking to avoid transfers made from Debtor to Patrick between 2005 and 2008 (the "Patrick Transfers"), pursuant to 11 U.S.C. §§ 544, 548, and 550, and the turnover of an outstanding loan Debtor made to Patrick (the "Patrick Loan"), pursuant to 11 U.S.C. § 542. (AA1 at 1–8.) Trustee alleged that the Patrick Transfers were fraudulent conveyances. (*Id.*)

### A. Trustee's Motion for Summary Judgment

On January 9, 2014, Trustee moved for summary judgment in the amount of $2,951,689.00 for the Patrick Transfers and $1,800,000 for the Patrick Loan, plus prejudgment interest, for a total amount of $6,881,671.81.[2] (*Id.* at 19–34.) Trustee

---

[1] In bankruptcy, an order for relief establishes the debtor's bankruptcy status and is a decision indicating that a bankruptcy case can proceed. *Ippolito v. Bank of Am.*, No. 5:13-cv-2323, 2013 WL 6406343, at *2 (N.D. Cal. Dec. 6, 2013).

[2] The motion Trustee filed on January 9, 2014, was his Amended Motion for Summary Judgment. (AA1 at 19.) Because this is the only summary judgment motion at issue in this appeal, the Court will refer to this motion as the "Motion for Summary Judgment."

2

argued that Debtor did not receive reasonably equivalent value for the Patrick Transfers and that Debtor was insolvent or became insolvent as a result of the Patrick Transfers. (*Id*.) Further, Trustee asserted that there was no triable issue of material fact that (1) the Patrick Transfers were avoidable pursuant to §§ 542, 544, 548, and 550, and (2) Patrick owed the bankruptcy estate the full amount of the Patrick Loan. (*Id*.)

On January 28, 2014, Patrick submitted his Opposition to Trustee's Motion for Summary Judgment, asserting numerous genuine issues of fact, including that (1) the Patrick Transfers were made in the normal course of business; (2) Debtor was not insolvent at the time the Patrick Transfers were made, nor did those transfers render Debtor insolvent; and (3) Patrick repaid the full amount of the Patrick Loan. (AA2 at 263–64.) In support of these claims, Patrick submitted three declarations: (1) Declaration of Doug Patrick ("Patrick Declaration," AA2 at 272), (2) Declaration of Scott Thoerner ("Thoerner Declaration," AA2 at 192), and (3) Declaration of Danna Campbell ("Campbell Declaration," AA2 at 277).

On February 4, 2014, Trustee filed his Reply in support of his Motion for Summary Judgment, accompanied by evidentiary objections to the Patrick, Thoerner, and Campbell Declarations. (AA2 at 303–35.) Trustee asserted objections to the three declarations on hearsay and foundational grounds, and additionally claimed that the declarants lacked personal knowledge. (*Id.*)

On February 11, 2014, the bankruptcy court held a hearing on the motion,[3] and on February 28, 2014, that court issued an order partially granting Trustee's Motion for Summary Judgment, ruling as follows:

---

[3] Although Patrick states in his AOB that there "was no oral argument on the [Motion for Summary Judgment]" (AOB at 6), Trustee points out in his Response Brief that this assertion is "nonsense" and attaches the over 40-page transcript from the February 11, 2014 hearing on that motion. (Appellee's Br. at 10 n.4; Appellee's App. at 4–48.) In his Reply Brief, Patrick acknowledges his error, explaining that he "inadvertently omitted the word 'reported'" and meant to say "there was no *reported* oral argument on the motion." (Appellant's Reply Br. at 10 n.1 (emphasis added).) Patrick's blatant misrepresentation on this issue is very concerning to the Court. Patrick also objects

1. Plaintiff has proven and Court found that there are no material triable issues of fact for all of his claims under Section 544 (which incorporates Section 3439, et seq. of the California Code) and 548 of the Bankruptcy Code, subject to the only remaining triable issue of [] Patrick's ability at trial to prove the reasonable value of his services to the Debtor during the 4-year claw back period from October 2005 until October 2009, as well as any rights of setoff under Section 553;
2. Plaintiff has proven and Court found there are no material triable issues of fact for all of his claims under Section 542 Bankruptcy Code concerning the Debtor's Insiders Loan Receivable of $1,800,00 owed by [] Patrick, subject to the only remaining defense of setoff as provided for under Section 542(b) and 553 of the Bankruptcy Code;
3. Plaintiff's request for pre-judgment interest on all of his claims can be renewed at trial; and
4. The Court's finding and conclusions are as reflected in the Court's February 11, 2014 Final Tentative Ruling (2/11/2014 1:11:42 p.m.) and as announced in open court. Either party may if it so chooses prepare written Findings of Fact and Conclusions of Law consistent with the applicable Local Bankruptcy Rules and Federal Rules of Bankruptcy Procedure.

---

to the inclusion of the transcript in Trustee's Appendix, stating that "there is no indication that the 'transcript' was prepared by a certified court reporter" and noting that the transcript states, "[p]roceedings produced by electronic sound recording; transcript produced by transcription service." (Appellant's Obj. to Appellee's App. at 1, ECF No. 14-1.) Patrick also claims that the transcript should be excluded because it was not designated as part of the record by Trustee. The Court finds these arguments to be both incorrect and made in bad faith. First, Trustee did not need to designate this transcript as part of the record, because Patrick explicitly included it in his own Notice of Designation of Record on Appeal. (AA6 at 825–26 (requesting the transcript for "the 2/11/2014 hearing on the motion for summary judgment" to be "prepared and transmitted to the District Court").) For this reason, the Court finds that Patrick is estopped from objecting to the inclusion of the transcript in the appellate record. *See Kierulff v. Metro. Stevedore Co.*, 315 F.2d 839, 843 (9th Cir. 1963). Additionally, the other transcript included in Appellant's own appendix includes the same marker that the "proceedings [were] produced by electronic sound recording," and the two transcripts were prepared by the same company, Briggs Reporting Company, Inc. (*Compare* AA6 at 844, *with* Appellee's App. at 4.) For these reasons, Patrick's objections to Trustee's Appendix are overruled.

(AA2 at 336–37.) In the bankruptcy court's tentative ruling,[4] which was incorporated by reference into the final order, the court sustained all of Trustee's objections to the Thoerner and Campbell Declarations, and all but three of the objections to the Patrick Declaration. (Appellee's App. at 1–3, ECF No. 13-1.)

**B.     Requests for Continuances and Motion to Strike Patrick's Expert**

At the hearing on Trustee's Motion for Summary Judgment, the bankruptcy court set May 15, 2014, as the date for the parties' pre-trial conference. (AA6 at 878.) On May 8, 2014, Patrick's attorney requested a continuance of the May 15 pre-trial conference on account of certain own medical issues he was experiencing. (AA5 at 733.) The bankruptcy court granted the request and re-set the pre-trial conference to June 19, 2014. (*Id.*) On June 18, 2014, Patrick's attorney filed a motion to remove Trustee from his position as the Chapter 7 trustee ("Removal Motion") and self-calendared the hearing on the motion for September 23, 2014. (*Id.*) The bankruptcy court advanced the hearing on the Removal Motion to August 19, 2014, and continued the pre-trial conference. (*Id.*) The bankruptcy court then denied the Removal Motion on August 28, 2014. (*Id.*)

On October 2, 2014, Patrick requested another continuance of the pre-trial conference on the basis that he intended to appeal the denial of the Removal Motion, and the bankruptcy court continued the pre-trial conference until October 30, 2014. (*Id.*) The pre-trial conference took place on October 30 and concluded with the

---

[4] Patrick also objects to the inclusion of the bankruptcy court's tentative ruling in Trustee's Appendix, on the grounds that it has "no force or effect" and "is not a court order." The Court disagrees. The bankruptcy court explicitly referenced and incorporated the tentative ruling in the final order on the Motion for Summary Judgment. Additionally, Patrick requested in his Notice of Designation of Record on Appeal that "any opinion, findings of fact, and conclusions of law relating to the issues on appeal" be included in the record. (AA6 at 825.) As such, Patrick is estopped from contesting the inclusion of such a "finding of fact and conclusion of law" in the record. *See Kierulff*, 315 F.2d at 843. Further, Patrick does not contest that the bankruptcy court made such a tentative ruling, nor that the copy of that ruling contained within Trustee's Appendix is in any way different from the tentative ruling actually issued by the bankruptcy court. Indeed, the relevant portions of the bankruptcy court's tentative ruling were quoted by the parties in the "admitted facts" section of the Joint Pre-Trial Stipulation, which Patrick's counsel signed. (AA3 at 340.) Therefore, the Court finds that the bankruptcy court's tentative ruling is part of the record in this appeal.

bankruptcy court approving the joint pre-trial stipulation and setting trial dates of February 23 and 25, 2015. (*Id.*)

On November 20, 2014, Patrick applied ex parte to continue the February 2015 trial dates due to: (1) a stroke suffered by his expert; (2) a flair-up of Patrick's medical condition (polycythemia diagnosed in 2008); and (3) the medical condition of Patrick's elderly mother. (*Id.* at 734.) Patrick attached to his application a letter from a doctor indicating that Patrick needed to avoid stressful activity for a minimum of nine months. (*Id.*) The bankruptcy court continued the trial until April 22 to 23, 2015, and warned the parties that there would be no further continuances. (*Id.*; AA3 at 351–52.)

On March 25, 2015, Trustee moved to exclude the testimony and report of Patrick's expert, James Kelly, ("Expert Motion") on the basis that Kelly did not meet the expert requirements under Federal Rule of Evidence 702 or the standards set out by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (AA3 at 366.) Trustee's Expert Motion was set for hearing on April 17, 2015. (AA6 at 888.) Patrick submitted his Opposition to Trustee's Expert Motion on April 7, 2015. (AA3 at 478.)

On April 14, 2015, Patrick applied ex parte to continue the trial date due to his medical condition, accompanied by a note from the same doctor indicating that Patrick continued to suffer from the same illness and that it would be "inadvisable for him to participate in either trial or trial preparation." (AA5 at 734.) On April 17, 2015, the bankruptcy court issued a tentative ruling on Trustee's Expert Motion, finding that Kelly failed to show that he qualifies as an expert based on his knowledge, skill, experience, training, or education, and that the methodology he used in calculating Patrick's reasonable compensation was unreliable. (AA6 at 802, 806.) That same day, the bankruptcy court granted Patrick's request for continuance and moved the trial date to September 23, 2015. (AA4 at 608.) In addition, the court ordered that if the trial date was continued at the request of anyone other than the

court or Trustee, the tentative ruling on Trustee's Expert Motion would be granted. (*Id.*)

On August 21, 2015, Patrick's attorney filed a notice of unavailability and requested a continuance of the trial date based on a conflict with another trial date. (*Id.* at 610.) On September 3, 2015, the bankruptcy court granted the continuance and found that because the scheduling conflict was beyond Patrick's attorney's control, the court would not impose the sanction of granting the tentative ruling on Trustee's Expert Motion. (*Id.*) The court set March 24 to 25, 2016, as the new trial date. (*Id.*)

On March 9, 2016, Patrick applied ex parte to continue the trial date, claiming that his mother was scheduled to have eye surgery on March 23, 2016, and that Patrick, as his mother's sole caregiver, would be too pre-occupied with the surgery and the required post-surgery care to prepare for trial. (AA5 at 734.) The bankruptcy court denied the application on March 11, 2016. (*Id.* at 734–35.) On March 17, 2016, Patrick again applied ex parte to continue the trial dates, citing the conflict caused by his mother's post-surgery care and this time attaching a declaration from a doctor who testified that the stress of having to deal with both his mother and the trial had caused Patrick to break out in a rash and caused him to become disoriented. (*Id.* at 735.) On March 21, 2016, the bankruptcy court again denied Patrick's request, and explained that the court's "extensive accommodations to [Patrick] cannot continue in perpetuity and, accordingly trial must proceed." (*Id.*) However, the court permitted Patrick to testify at trial telephonically. (*Id.*)

**C.     The Trial and Judgment**

On March 24, 2016, respective counsel for Patrick and Trustee appeared for trial. (AA6 at 846.) Patrick's attorney told the bankruptcy court that Patrick was at the hospital with his mother and thus, was not prepared to go to trial, and stated that he could not try the case without his client. (*Id.* at 847.) Trustee's attorney stated that he was ready for trial and that his witnesses were present and ready for cross-examination. (*Id.* at 848.) After the court ordered trial to proceed, Patrick's attorney

simply left the courtroom. (*Id.* at 852.) Trustee's counsel argued that given the bankruptcy court's partial summary judgment ruling, the only issues remaining for trial were (1) Patrick's ability to establish reasonable compensation from Debtor, which could offset amounts Patrick owed Debtor due to the Patrick Transfers; (2) whether Patrick could establish a defense of setoff as to the amounts due to Debtor on account of the Patrick Loan; and (3) whether pre-judgment interest was appropriate. (*Id.* at 854–55.) The bankruptcy court agreed and read into the record the court's previous ruling that Trustee had established the necessary elements for his causes of action under §§ 542, 544, and 548 of the Bankruptcy Code. (*Id.* at 858–60.) The court then orally ruled in favor of Trustee for the full amount of the Patrick Transfers ($2,951,689.00) and the full amount of the Patrick Loan ($1,800,000.00), plus pre-judgment interest on that loan in the amount of $1,343,178.66. (*Id.* at 862–63.)

Following the trial, on April 18, 2016, the bankruptcy court issued a written order granting Trustee's Expert Motion, adopting and incorporating by reference the tentative ruling issued on April 17, 2015. (*Id.* at 794–95.)

On April 27, 2016, the bankruptcy court issued a final judgment, which reduced the amount owed as a result of the Patrick Transfers to $2,252,733.00. (*Id.* at 809–10.) The bankruptcy court explained that the amounts sought for the Patrick Transfers were subject to a deduction for the reasonable value of Patrick's services to Debtor during the four-year claw back period from October 2005 until October 2009. (*Id.* at 810.) The court relied on the testimony from Trustee's expert, Gary Watts, who opined that the reasonable value of Patrick's services for the four-year period was $698,956.00. (*Id.*) Therefore, the court entered final judgment in favor of Trustee in the amount of $5,395,911.66 ($1,800,000.00 for the Patrick Loan; $2,252,733.00 for the Patrick Transfers; and $1,343,178.77 for pre-judgment interest), plus post-judgment interest at the applicable federal judgment interest rate. (*Id.* at 810–11.)

**D. Patrick's Appeal**

On July 7, 2016, Patrick submitted his notice of appeal and statement of election. (ECF No. 1.) Both parties submitted briefing,[5] and the Court subsequently took the appeal under submission.[6] (ECF Nos. 12–15.) The appeal is now before the Court for decision.

## III. ISSUES ON APPEAL

Patrick raises three issues on appeal:

1. Whether the bankruptcy court erred in partially granting Trustee's Motion for Summary Judgment on his claims under 11 U.S.C. §§ 542(b) and 548(a)(1)(B) against Patrick;
2. Whether the bankruptcy court abused its discretion in granting Trustee's Expert Motion; and
3. Whether the bankruptcy court abused its discretion in denying Patrick's request to continue trial. (AOB 2.)

## IV. STANDARDS OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The traditional appellate review standards apply. The Court reviews the bankruptcy court's

---

[5] Attached to Patrick's AOB was a request for judicial notice for three exhibits: (A) the personnel list of Debtor as maintained by the Contractor's State License Board of California; (B) the records of the California Board of Accountancy for individuals with the last name "Watts"; and (C) the records of the California Board of Accountancy for James Kelly. (Appellant's Req. for Judicial Notice, ECF No. 12-7.) Judicial notice is not appropriate when the "facts" are not presented with sufficient information. *See, e.g.*, *United States v. Husein*, 478 F.3d 318, 337 (6th Cir. 2007) (declining to take judicial notice when government only offered "westlaw.com" without guidance on where within Westlaw database the information was located); *United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1383 (C.D. Cal. 2014) (declining judicial notice when movants failed to "identify a basis upon which the documents can be judicially noticed."). Here, Patrick has failed to explain where the three documents attached to his request for judicial notice came from or the process for accessing them. He also fails to present any basis to the Court for why these documents are appropriate for judicial notice. Therefore, Patrick's request is denied.

[6] Trustee points out in his Response Brief that Patrick's opening brief in this appeal was filed almost two weeks late. (Appellee's Br. at 4 n.1, ECF No. 13.) As Trustee does not move to strike Patrick's brief or seek dismissal of this appeal on the basis of the late filing, the Court deems the procedural defect waived and turns to the merits of the appeal.

conclusions of law de novo and its factual findings for clear error. *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005). The Court reviews for abuse of discretion the bankruptcy court's orders on Trustee's Expert Motion and Patrick's request for continuance. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) (holding that abuse of discretion standard applied to review of lower court's ruling on *Daubert* motion); *In re Sunnyslope Hous. Ltd. P'ship*, 859 F.3d 637, 647 (9th Cir. 2017) (reviewing bankruptcy court's decision whether to modify scheduling order for abuse of discretion).

## V. DISCUSSION

### A. Trustee's Motion for Summary Judgment

Patrick attacks the bankruptcy court's partial grant of Trustee's Motion for Summary Judgment on three main grounds: (1) the bankruptcy court erred by not limiting the applicable time period for avoidance of transfers pursuant to the statute of limitations; (2) Trustee failed to meet his burden of proof to establish that there was no genuine issue of material fact as to "reasonably equivalent value" and the elements of § 548(a)(1)(B)(ii) and, therefore, the bankruptcy court improperly shifted the burden of proof to Patrick on the issue of reasonable equivalent value; (3) Trustee failed to meet his burden of proof with regard to the Patrick Loan under § 542(b). (AOB at 21–30.) The Court addresses each argument in turn.

*1. Statute of Limitations*

Patrick argues that the bankruptcy court erred in allowing Trustee to clawback transfers made in 2005 and 2006, due to the applicable limitations periods under § 548 and § 544—which incorporates California Civil Code sections 3439–3439.12. (AOB at 21–23.) Trustee responds that (1) Patrick did not raise the statute of limitations issue in the proceedings below and therefore, has waived the issue on appeal, and (2) even if Patrick preserved the issue for appeal, the statute of limitations had not run before Trustee brought the action to avoid all of the Patrick Transfers. (Appellee's Br. at 5–7.)

Section 548 provides that a trustee may avoid certain transfers that "w[ere] made or incurred on or within 2 years before the date of the filing of the petition." Here, there is no dispute that the involuntary Chapter 7 petition was filed on October 7, 2009, and that any claim based solely on § 548 would, therefore, be limited to transfers made on or after October 7, 2007.

Section 544 allows trustees to avoid transfers "under applicable law." The applicable law Trustee relies on for his § 544 claim is California Civil Code §§ 3439, et seq., which provides that a cause of action under that chapter must be brought "no[] later than four years after the transfer was made or the obligation was incurred." Cal. Civ. Code § 3439.09.

Absent exceptional circumstances, courts will not consider arguments raised for the first time on appeal. *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011). No "bright line rule" exists to determine whether a matter has been properly raised below, but the Ninth Circuit has found that a "workable standard [] is that the argument must be raised sufficiently for the trial court to rule on it." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). A court may, however, in its discretion, consider an issue if it is "purely one of law," even if it was not raised below. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996).

Patrick points to the following language from his Opposition to Trustee's Motion for Summary Judgment as his attempt to "raise" the statute of limitations issue: "the 2005 and 2006 transfers are outside the two year scope of the Court's review." (Appellant's Reply Br. at 2.) But Patrick's brief omits the full context of that statement from his Opposition, in which he wrote: "***Disregarding for the moment that*** the 2005 and 2006 transfers are outside the two year scope of the Court's review, the remaining two years (2007 and 2008) show a profit ($1,673,497.00 in 2007) and fail to account for approximately four million dollars of shareholder infusions (3,963,000.00 in 2008/2009)." (AA2 at 267 (emphasis added).) The Court finds that this sentence did not sufficiently raise the issue whether the statute of

limitations had run. Nowhere in Patrick's Opposition does he ask the bankruptcy court to deny Trustee's Motion for Summary Judgment on the basis of the statute of limitations. Just the opposite—Patrick explicitly directed the bankruptcy court to "disregard" the two-year scope of review. It's not even clear that the two-year scope of review to which he refers is the one contained in § 548. *See Heft v. Moore*, 351 F.3d 278, 285 (7th Cir. 2003) ("The failure to cite cases in support of an argument waives the issue . . ."); *United States v. Karl*, 264 F. App'x 550, 553 (9th Cir. 2008) ("Failure to cite valid legal authority waives a claim."). And, importantly, Patrick made no mention of the four-year limitations period applicable to causes of action under California Civil Code sections 3439 et seq. For the foregoing reasons, the Court finds that Patrick did not adequately preserve the statute of limitations issue for appeal.

Even so, in exercising its discretion to decide a purely legal question, the Court also finds that Patrick's statute of limitations argument fails on the merits. The Bankruptcy Appellate Panel for the Ninth Circuit has held as follows: "[S]o long as the state-law fraudulent transfer claim exists on the petition date (or the order for relief date), the state statutes of limitations cease to have any continued effect, and the only applicable statute of limitations for bringing the claim thereafter is within § 546(a). Accordingly, the reach back period is established on the petition date (or the order for relief date) and encompasses all transfers within the relevant period provided by state law." *Rund v. Bank of Am. Corp. (In re EPD Inv. Co., LLC)*, 523 B.R. 680, 686 (B.A.P. 9th Cir. 2015).

While Patrick correctly notes that this Court is not bound by *Rund*, the Court finds the holding in that case well-reasoned and persuasive. A number of district courts have similarly held that the filing of a bankruptcy petition tolls the state-law limitations period, so long as the trustee initiates the proceeding within the applicable time period prescribed by § 546(a). *See, e.g.*, *Smith v. Am. Founders Fin., Corp.*, 365 B.R. 647, 677–78 (S.D. Tex. 2007); *Sears Petroleum & Transp. Corp. v. Burgess*

*Constr. Servs., Inc.*, 417 F. Supp. 2d 212, 225 (D. Mass. 2006); *Levit v. Spatz (In re Spatz)*, 222 B.R. 157, 164 (N.D. Ill. 1998). As the District of Colorado explained: "Section 546(a) . . . gives the trustee some breathing room to determine what claims to assert under § 544. Without this approximate two-year period, a trustee who does not immediately determine what potential claims are available for the recovery of assets may forever be barred from asserting those claims if the statute of limitations expires early in the bankruptcy, or potentially before the trustee is even appointed." *Rosania v. Haligas (In re Dry Wall Supply, Inc.)*, 111 B.R. 933, 936–37 (D. Colo. 1990). The court further found that "[s]uch [an outcome] would contravene the broad powers Congress granted to the trustee under §§ 544, 547, and 548 of the Code to recover property for the benefit of the estate." *Id.*

Section 546(a) requires a trustee to commence a proceeding under sections 544 or 548 at least 2 years after the entry of the order for relief. 11 U.S.C. § 546(a). Here, the bankruptcy court entered the Order for Relief on February 19, 2010. (AA1 at 169.) Because Trustee initiated the adversary proceeding against Patrick on February 16, 2012, his complaint was timely pursuant to § 546(a).[7] As this Court finds that the filing of the bankruptcy petition tolled the state-law limitations period and that Trustee timely initiated the adversary proceeding against Patrick under § 546(a), the statute of limitations had not run on Trustee's § 544 claim.

*2. The Patrick Transfers*

Patrick argues that the bankruptcy court erred in partially granting Trustee's Motion for Summary Judgment on the §§ 548 and 544 claims regarding the Patrick Transfers, because the court improperly shifted the burden to Patrick to establish at

---

[7] In his Reply Brief, Patrick contends that the *Rund* court found that the date of "the entry of the order for relief" is the same as the "petition date." (Appellant's Reply Br. at 6.) This is a glaring mischaracterization of the *Rund* court's holding, in which the court explained that the petition date and the date the order for relief is entered is only "*generally* the same date." *Rund*, 523 B.R. at 685 (emphasis added). While that "generally" may be true in other bankruptcy proceedings, it is obviously not the case here, where it is clear from the record that the petition was filed, and the Order for Relief entered, on two separate dates. (AA1 at 169.)

13

trial the reasonable value of his services to Debtor during the 4-year clawback period. The Court disagrees. As explained below, the bankruptcy court correctly found that Trustee met his initial burden on summary judgment to show the absence of a genuine issue of material fact and Patrick failed to meet his burden to present admissible evidence showing the existence of issues of material facts.

In the bankruptcy court's tentative ruling on the Motion for Summary Judgment, the court explained that it "cannot determine from the evidence submitted what portion of the amounts transferred account for salary or compensation for services rendered to Debtor by [Patrick]." (Appellee's App. at 1.) The court also found that "[i]n all other respects, the court believes [Trustee] has satisfied his burden of proof for summary adjudication under 11 U.S.C. § 548 and Cal. Civil Code § 3439." (*Id.*) Therefore, the bankruptcy court reserved for trial the issue of whether Patrick could prove the reasonable value of his services to Debtor from October 2005 to 2009. (AA2 at 337.)

Bankruptcy Rule of Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies to a motion for summary judgment in an adversary proceeding. Under Rule 56, the movant bears the initial burden to show that no material dispute of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the movant demonstrates from the record that there are no genuine disputes of material fact, the burden of proof shifts to the party opposing summary judgment to establish that questions of fact exist. *Id.* The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c).

Section 548 provides that a trustee may avoid a transfer incurred by the debtor, if the debtor voluntarily or involuntarily:

(A) Made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

Section 3439.05 of the California Civil Code contains a similar provision on fraudulent transfers, providing that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation."

Therefore, under either § 548 or § 3439.05, Trustee would have met his initial burden on summary judgment—sufficient to shift the burden to Patrick—by establishing that no genuine issue of material fact existed on the following issues: (1) The Patrick Transfers were actually made from Debtor to Patrick; (2) Debtor received less than a reasonably equivalent value in exchange for the Patrick Transfers; and (3) Debtor was insolvent on the date of each transfer or became insolvent as a result of the transfer. The Court finds that Trustee met this initial burden.

In support of his Motion for Summary Judgment, Trustee attached his own declaration, in which he testified that Debtor made the Patrick Transfers to Patrick between 2005 and 2009. (AA1 at 35.) Attached to Trustee's declaration was an itemized list of each transfer along with copies of the checks from Debtor to Patrick. (*Id.* at 40–122.) Trustee also testified that Patrick never paid back the amount of the Patrick Transfers to Debtor. (*Id.* at 36–37.) Further, he testified that a review of Debtor's books and records did not reveal the existence of any employment contract justifying the payments identified as the Patrick Transfers nor any corporate resolutions or minutes approving any such employment contract. (*Id.* at 37–38.) And

lastly, Trustee testified that Debtor's federal income tax returns showed that Debtor was insolvent during years 2005, 2006, and 2008, and that although the returns show solvency in 2007 in the amount of $1,673,497, the amount of the Patrick Transfer for that year, $1,797,560.63, rendered Debtor insolvent. (*Id.* at 36.) The foregoing facts were sufficient to shift the burden to Patrick to establish that questions of fact exist. *See Celotex*, 477 U.S. at 323–24.

In his Opposition to Trustee's Motion for Summary Judgment, Patrick argued that (1) the tax returns did not sufficiently establish insolvency for years 2005, 2006, and 2008, (2) Debtor was not insolvent in 2007, and (3) Patrick repaid the Patrick Transfers through capital infusions to Debtor. (AA2 at 266–71.) In support of these contentions, Patrick attached declarations from himself, Scott Thoerner, a CPA who prepared the tax returns for Debtor between 2005 and 2009, and Danna Campbell, a financial consultant. (AA2 at 192–93, 272–76, 277–78.)

Trustee moved to strike nearly all of the declaration testimony attached to Patrick's Opposition on evidentiary grounds. (AA2 at 311–34.) The bankruptcy court sustained all of Trustee's objections to Thoerner's and Campbell's declarations, and all but three of the objections to Patrick's declaration. (Appellee's App. at 2.) Patrick does not challenge the bankruptcy court's evidentiary rulings on appeal.[8]

After the evidentiary rulings, the only remaining factual support for Patrick's Opposition was Patrick's own declaration testimony that (1) some portion of the money for the Patrick Transfer was compensation for work done by Patrick as Vice President of Debtor, (2) Patrick worked full time for the company, and (3) Patrick infused some amount of money into the company. (*Compare* Appellant's App. at 2, *with* AA2 at 311–34.) As such, Patrick failed to present a genuine issue of material fact with regard to the factors of § 548 or § 3439. While Patrick did present

---

[8] Even so, evidentiary decisions made in the context of summary judgment motions are reviewed for an abuse of discretion, *Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001), and the Court finds that the bankruptcy court did not abuse its discretion in sustaining the objections to Patrick's summary judgment evidence.

declaration testimony that he worked for Debtor and provided some value to Debtor, he did not present admissible evidence that the services were of reasonably equivalent value to the amount of the Patrick Transfers. Additionally, he did not present admissible evidence that Debtor was not insolvent at the time of, or rendered insolvent as a result of, the Patrick Transfers. For these reasons, the Court finds that the bankruptcy court did not err in partially granting Trustee's Motion for Summary Judgment for the claims related to the Patrick Transfers.

### 3. *The Patrick Loan*

Patrick also contends that the bankruptcy court erred in partially granting Trustee's Motion for Summary on the issue of the Patrick Loan, arguing that there was a genuine issue of material fact as to whether Patrick had repaid the loan. (AOB at 29.) The Court disagrees.

Trustee sought to recover the amount of the Patrick Loan under § 542(b) of the Bankruptcy Code, which provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

In the Motion for Summary Judgment, Trustee presented an internal memorandum from Debtor's records stating that Patrick took out a loan from Debtor in the amount of $1,800,000. (AA1 at 26.) In his Opposition, Patrick did not dispute the existence of the loan but argued that the amount had been repaid in the form of capital infusions he made to Debtor. (AA2 at 267–68.) To support this claim, Patrick relied on his own declaration and the Campbell Declaration. (*Id.*) As discussed above, however, the bankruptcy court sustained evidentiary objections to all of the Campbell Declaration and the evidence attached thereto, and nearly all of the Patrick Declaration. The portions of the Patrick Declaration remaining after the evidentiary objections included an assertion that Patrick had made a capital infusion into Debtor but not the amount of that infusion. Therefore, the bankruptcy court correctly granted

summary judgment in favor of Trustee, leaving for the trial the issue of whether Patrick could establish a right to setoff under § 553.

**B.     Trustee's Expert Motion**

Patrick argues that the bankruptcy court abused its discretion in granting Trustee's Expert Motion. Based on a review of the record, the Court finds that the bankruptcy court's decision was not an abuse of discretion.

This is an unusual posture for a review of an order on a motion to exclude expert testimony. While the bankruptcy court had issued a tentative ruling granting Trustee's Expert Motion before trial, the court never confirmed the tentative ruling as final until *after* trial.[9] (*See* AA6 at 794.) Therefore, the door was open for Patrick's expert, Kelly, to testify at trial in March 2016. Patrick, however, chose not to attend the trial, and his attorney failed to present any evidence, cross-examine any witnesses, or put on any case whatsoever. (AA6 at 852–53.) Patrick's attorney very clearly stated on the record that he was "not going to participate in th[e] trial" and walked out of the courtroom in the middle of the proceeding.[10] Therefore, there was no proffered testimony from Kelly for the bankruptcy court to exclude.

Additionally, as Kelly was not called as a witness at trial, and Patrick's attorney did not seek to admit Kelly's report into evidence, the bankruptcy court correctly excluded his report from consideration in ruling on the merits of Trustee's claim. Because the Court finds that it was proper for the bankruptcy court to exclude Kelly's report on this basis, it is unnecessary to review each of the grounds for exclusion

---

[9] Patrick claims that he was "left with no expert at trial" because "Trustee Anderson's counsel spoke of a tentative ruling granting his Daubert motion" and the bankruptcy court later "incorporated this tentative ruling in a later order granting the Daubert motion." (AOB at 14.) This series of events does not equate to a ruling that "left [Patrick] with no expert at trial." Although Trustee mentioned the tentative ruling at the beginning of the trial proceeding, the bankruptcy court did not rule on that motion on the record at that time. (*See* AA6 at 846.) The court did not issue a final ruling on the Expert Motion until April 18, 2016.

[10] Patrick's attorney told the bankruptcy court as follows: "I am leaving the courtroom, your Honor, because this is unfair. It's prejudicial. It's biased. I have a client who's got a mother in the hospital and you don't seem to care. So I am not going to participate in the trial." (AA6 at 852–53.)

18

discussed in the tentative ruling. *See Leidholdt v. L.F.P. Inc.*, 860 F.2d 890, 895 (9th Cir. 1988) ("[W]e may affirm on any basis supported in the record.").

**C.     Patrick's Motion for Continuance**

Patrick also contends that the bankruptcy court abused its discretion in refusing to grant his requests to continue the March 24, 2016, trial date. (AOB at 35.) Patrick claims that "[n]o reasonable judge would force a litigant to prepare for and undergo the rigors of a trial, including cross-examination, while burdening under the concern that his or her mother would not be able to receive the post-operative consultation, medication and other recovery assistance that was recommended by her doctor." (AOB at 35.) Patrick makes this incredible claim about what a reasonable judge would or would not do without support or citation to authority.

The Court disagrees with Patrick. Trial courts have broad discretion on matters of continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The record establishes that the bankruptcy court granted Patrick's three previous requests to continue the trial, in order to accommodate his various excuses. (AA5 at 733–35.) The bankruptcy court even further accommodated Patrick by giving him the opportunity to appear telephonically at trial. (*Id.* at 735.) For these reasons, the bankruptcy court did not abuse its discretion in denying Patrick's fourth request to continue the trial.

## VI.     CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's judgment in favor of Trustee.

**IT IS SO ORDERED.**

August 31, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

19